IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )
v.                             )         Nos. 3:19-CR-75-KAC-DCP
                               )              3:22-CR-29-KAC-DCP
ALONZO BUTLER,                 )
                               )
                Defendant.     )

**MEMORANDUM AND ORDER**

The parties came before the undersigned on November 14, 2022, for a motion hearing on the Motion for Substitution of Counsel Based on a Conflict of Interest [Doc. 774, SEALED][1] filed by Attorney John Stanford Young, III, and referred [Doc. 775] on November 7, 2022. *See* 28 U.S.C. § 636(b). At Defendant Alonzo Butler's initial appearance on October 3, 2019, the Court found he qualified for appointed counsel and appointed Attorney Russell T. Greene to represent him in case number 3:19-CR-75 [Doc. 105]. The Court substituted Mr. Young as counsel of record for Defendant Alonzo Butler on October 28, 2019, after finding that Defendant had retained Mr. Young [Doc. 149]. In his motion, Mr. Young asks the Court to substitute new counsel, stating that he has an actual conflict of interest that prevents his continued representation of Defendant Butler.

At the November 14 motion hearing, Assistant United States Attorney Tracy L. Stone represented the Government. Mr. Young appeared along with Defendant Butler, who was also present. Panel Attorney Robert R. Kurtz was present at the Court's request. Mr. Young asked to disclose the basis for his motion to substitute in a sealed hearing. AUSA Stone stated that while the Government has not seen the motion, AUSA Cynthia Davidson, lead counsel, believes she

---

[1]      All citations are to documents in case number 3:19-CR-75, unless otherwise noted.

knows the reason for the conflict. Mr. Stone said the Government is concerned about the belated discovery of this alleged conflict of interest and would like to know when this conflict arose.

The Court conducted a sealed, *ex parte* portion of the hearing with Mr. Young and Defendant Butler to learn the nature and extent of the proposed conflict. Based on the representations by Mr. Young during the sealed session, the Court finds an actual conflict of interest exists, which conflict became apparent to Mr. Young around the time the District Judge declined to accept the plea agreement in case number 3:22-CR-29. Accordingly, Mr. Young's Motion for Substitution of Counsel [**Doc. 774, SEALED**] is **GRANTED**, and Mr. Young is relieved as counsel of record for Defendant Butler. Mr. Young is **DIRECTED** to provide new counsel with the discovery and information from the Defendant's file as soon as possible.

The Court recognizes the need for Defendant to be represented continuously by conflict-free counsel and notes that it previously found Defendant Butler qualifies for court-appointed counsel. Mr. Kurtz agreed to accept representation of Defendant. The Court **SUBSTITUTES** and **APPOINTS** Mr. Kurtz under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Butler. Defendant's financial affidavit is more than three years old, and accordingly, Mr. Kurtz is **DIRECTED** to provide the Court with a new financial affidavit (CJA form 23) for Defendant Butler. This financial affidavit may be filed ex parte and under seal. If the Court finds that Defendant's financial circumstances permit, he may be required to pay part of counsel's fee. 7A *Guide to Judiciary Policy* ("*Guide"*) §§ 210.40.30(b) (providing that when determining whether a defendant qualifies for court-appointed counsel, the Court should resolve "[a]ny doubts as to a person's eligibility . . . in the person's favor [because] erroneous determinations of eligibility may be corrected at a later time") & 210.40.40 (authorizing partial payment for counsel).

Finally, the Court set a new trial date in both cases. Defendant's last trial date in case number 3:19-CR-75 was May 16, 2022 [*See* Doc. 638].[2] Defendant filed a plea agreement [Doc. 567] in case number 3:19-CR-75 on April 15, 2022, and entered a change of plea before District Judge Crytzer on May 11, 2022 [Doc. 660, Minutes]. Defendant had an initial appearance and entered a guilty plea to an Information in case number 3:22-CR-29 also on May 11, 2022 [Docs. 4 & 7, Minutes]. Defendant Butler appeared for a sentencing hearing in both cases on November 4, 2022. At that time, District Judge Crytzer rejected the parties' Rule 11(c)(1)(C) agreement and allowed Defendant to withdraw from his plea agreements in both cases.

The Speedy Trial Act provides that

> [i]f trial did not commence within the time limitation specified in section 316 because defendant had entered a plea of guilty . . . subsequently withdrawn to any or all of the charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of 3161, on the day the order permitting withdrawal of the plea becomes final.

18 U.S.C. § 3161(i). Defendant withdrew his guilty pleas in both cases on November 4, 2022, and accordingly his trial must commence within seventy days of that date. *See* 18 U.S.C. § 3161(c)(1) (providing trial must commence within seventy days of the latter of the filing of the indictment or information or defendant's initial appearance). The Court set a new trial date of **January 10, 2023**. The new plea deadline in this case is **December 12, 2022**. Other dates are set out below.

Accordingly, the Court **ORDERS** as follows:

(1) The Motion for Substitution of Counsel Based on a Conflict of Interest [**Case No. 3:19-CR-75, Doc. 774; Case No. 3:22-CR-29,**

---

[2] The original trial date in case number 3:19-CR-75 was set prior to Defendant Butler's initial appearance and continuances were repeatedly granted in furtherance of the ends of justice, following Defendant Butler's entry into the case [*See* Docs. 150, 220, 337, 482, 583, & 638].

3

**Doc. 28**] is **GRANTED**.  Attorney John Stanford Young, III, is **RELIEVED** of his representation of Defendant Butler in both cases and is **DIRECTED** to provide new counsel with the discovery and information from Defendant's file;

(2) Attorney Robert R. Kurtz is **SUBSTITUTED** and **APPOINTED** as Defendant Butler's counsel of record in both cases under the CJA;

(3) Mr. Kurtz is **DIRECTED** to file a new financial affidavit (CJA form 23) for Defendant on or before **November 28, 2022**. Defendant's financial affidavit may be filed ex parte and under seal;

(4) The trial of this matter is **SET** to commence on **January 10, 2023**, at 9:00 a.m., before the Honorable Katherine A. Crytzer, United States District Judge;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 12, 2022**;

(6) The deadline for motions *in limine* is **December 19, 2022**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **December 30, 2022.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

4