IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Nos. 3:22-CR-29-KAC-DCP, 3:19-CR-75-KAC-DCP |
| ALONZO BUTLER, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in these cases have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. These cases are before the Court on Defendant Alonzo Butler's Motions to Continue Trial and Associated Deadlines [Case No. 3:22-CR-29, Doc. 32 & Case No. 3:19-CR-75, Doc. 780], filed on December 12, 2022.[1]

In his motions, Defendant asks the Court to continue the January 10, 2023 trial date and all associated deadlines.[2] Counsel for Defendant states he was appointed to represent Defendant on November 14, 2022. Counsel relates that he has been provided discovery, which includes documents, recordings, photos, and other materials, and that the vast majority of the discovery is telephonic recordings that span thousands of calls and/or text messages and are set forth on more than 10,000

---

[1] In Case No. 3:22-CR-29, Defendant is charged with knowingly using and maintaining a place for the purpose of distributing cocaine from March 2019 to April 29, 2019, in violation of 21 U.S.C. § 856(a)(1) [Case No. 3:22-CR-29, Doc. 1 p. 1]. In Case No. 3:19-CR-75, Defendant is charged with a conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine from July 2018 to May 1, 2019, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Case No. 3:19-CR-75, Doc. 95 p. 1]. While Defendant is charged under two separate indictments, it is the Court's understanding that, at this point, the parties intend to proceed with a single trial on all charges.

[2] The Court set a new trial date of January 10, 2023, in both Case No. 3:19-CR-75 and 3:22-CR-29 [*See* Case No. 3:22-CR-29, Doc. 31] after Defendant was permitted to withdraw his guilty pleas in both cases on November 4, 2022.

pages. Counsel states that he needs additional time to review discovery and discuss the case with his client, including the potential consequences of various trial strategies. Counsel avers that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in a speedy trial and that failure to grant a continuance would otherwise result in a miscarriage of justice since he has not had an opportunity to review the discovery in person with Defendant. Finally, counsel relates that he has spoken with counsel for the Government, who has no objection to the requested continuance.

Based upon the information provided by Defendant in his motion, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel needs additional time to review the voluminous discovery and confer with his client as to potential trial strategy, which cannot be done by the January 10, 2023 trial date. The Court therefore **GRANTS** Defendant Butler's Motions to Continue Trial and Associated Deadlines [**Case No. 3:22-CR-29, Doc. 32 & Case No. 3:19-CR-75, Doc. 780**]. The trial of these cases is reset to **March 28, 2023**. A new, comprehensive, trial schedule is included below.

Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motions on December 12, 2022, and the new trial date of March 28, 2023, is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Alonzo Butler's Motions to Continue Trial and Associated Deadlines [**Case No. 3:22-CR-29, Doc. 32 & Case No. 3:19-CR-75, Doc. 780**] are **GRANTED**;

(2) The trial of these matters is reset to commence on **March 28, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motions on **December 12, 2022**, and the new trial date of **March 28, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 28, 2023**;

(5) The deadline for filing motions *in limine* is **March 6, 2023**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **March 7, 2023, at 1:30 p.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 17, 2023**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge