UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:19-CR-75-KAC-DCP-7 |
| | ) | | 3:22-CR-29-KAC-DCP |
| ALONZO BUTLER, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## ORDER GRANTING MOTIONS TO DISMISS DEFENDANT BUTLER

These criminal cases are before the Court on the United States's unopposed "Motion[s] to Dismiss" [3:19-CR-75-KAC-DCP-7, Doc. 785; 3:22-CR-29-KAC-DCP, Doc. 35] as to Defendant Alonzo Butler. On October 1, 2019, a grand jury issued a Superseding Indictment against Defendant Butler and numerous co-defendants charging Defendant Butler with conspiring to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) [3:19-CR-75-KAC-DCP-7, Doc. 95]. On April 5, 2022, the United States issued an Information separately charging Defendant Butler with knowingly using and maintaining a place for the purpose of distributing cocaine, in violation of 21 U.S.C. § 856(a)(1) [3:22-CR-29-KAC-DCP, Doc. 1]. The United States now "moves for leave of Court to dismiss the Superseding Indictment in Case Number 3:19-CR-75 as to this defendant and the Information in Case Number 3:22-CR-29, without prejudice" because "[t]he United States has determined that continuing these prosecutions against the defendant would not serve the ends of justice" [3:19-CR-75-KAC-DCP-7, Doc. 785; 3:22-CR-29-KAC-DCP, Doc. 35]. Defendant Butler did not respond to the United States's Motions, and the time to do so has passed. *See* E.D. Tenn. L.R. 7.1.

Federal Rule of Criminal Procedure 48(a) permits the United States to "dismiss an indictment, information, or complaint" "with leave of Court." Fed. R. Crim. P. 48(a). The decision "to maintain a prosecution is exclusively within the discretion of the executive branch of government." *United States v. Valle*, 697 F.2d 152, 154 (6th Cir. 1983). "Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought." *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967). The Supreme Court has counseled that "[t]he principal object of the 'leave of court' requirement" is narrow—"to protect a defendant against prosecutorial harassment . . . when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam).

Upon the Court's narrow review, the United States has met its burden. The United States no longer wishes to proceed against Defendant Butler in either pending prosecution. Defendant Butler has not responded to, or otherwise objected to, the United States's Motions. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). There is no evidence of "prosecutorial harassment." *See Rinaldi*, 434 U.S. at 29 n.15; *Stapleton*, 297 F. App'x at 431. Therefore, the Court **GRANTS** the United States's "Motion to Dismiss" in both pending actions against Defendant Butler [3:19-CR-75-KAC-DCP-7, Doc. 785; 3:22-CR-29-KAC-DCP, Doc. 35] and **DISMISSES** the pending charges against Defendant Butler in these actions **without prejudice**.

IT IS SO ORDERED.

*[signature]*
KATHERINE A. CRYTZER
United States District Judge

2

Case 3:19-cr-00075-KAC-DCP   Document 787   Filed 05/16/23   Page 2 of 2   PageID #: 4418